**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| MONIQUE ATTUSO, et al.,<br>      *Plaintiff* | CIVIL ACTION |
| VERSUS | 18-157-SDD-RLB |
| OMEGAFLEX, INC.,<br>& AUDUBON PLUMBING, INC.<br>      *Defendants* | |

## **RULING**

Before the Court is the *Motion in Limine To Exclude Certain Opinions of Plaintiff's Expert Joseph Bossom*[1] filed by the Defendant, Omega Flex, Inc. ("Omega Flex"). The Plaintiff, Republic Fire and Casualty ("Republic"), opposes the Motion.[2] The Defendant filed a Reply.[3] For the reasons that follow the *Motion*[4] shall be GRANTED.

**I.    FACTUAL BACKGROUND**

The factual background and procedural history was previously set out by the Court and will not be re-stated herein.[5]

**II.    THE SUBJECT MOTION**

Joseph Bossom ("Bossom") is Republic's property loss claims adjuster who adjusted the property loss of Republic's insured, Monique Attuso. Plaintiff identified

---

[1] Rec. Doc. 67.
[2] Rec. Doc. 79.
[3] Rec. Doc. 85.
[4] Rec. Doc. 67.
[5] *See* Rec. Doc. 94.

1

Bossom as a non-retained expert and provided the following description of the subject matter of Bossom's proposed testimony:

> Republic Fire & Casualty Insurance Company ("Republic") is the homeowner's insurance carrier for Monique Attuso. Mr. Bossom is an employee of Republic, and he was responsible for handling many aspects of the initial investigation and the adjustment of the insurance claim filed by Ms. Attuso with regard to the damages incurred as a result of the fire that is the subject of this litigation. It is anticipated that Mr. Bossom will testify that, pursuant to an insurance policy in effect for the date of loss to-date, Republic has issued payments totaling $822,202.00 to, for, or on behalf of its insureds, which reflects the actual cash value of repairs and/or damages resulting from the subject fire.

Defendant objects to any proposed testimony by Bossom regarding the cost to rebuild the Attuso residence located at 10437 Bank St. Ext, Clinton, Louisiana.

Bossom, identified by Plaintiff as a non-retained expert, did not prepare a report. By deposition, Bossom testified that the estimated replacement cost of the home was $600,000. Bossom did not provide an estimate for the fair market value of the Attuso home.[6]

The gravamen of Omega Flex's Motion in Limine is that the Attuso home which was destroyed in the fire must be valued at fair market value before the loss, hence any testimony by Bossom as to replacement cost is irrelevant and should be excluded. Defendant argues that "real property damage is assessed at the fair market value of the property at the time of loss in Louisiana."[7] Defendant maintains that "the measure of damages is generally the market value of the property just before the loss[.]"[8]

---

[6] Rec. Doc. 67-3 p. 5.
[7] Rec. Doc. 67-1 p. 1.
[8] Rec. Doc. 67-1 p. 5 (citing, *Pillsbury Co. v. Midland Enterprises, Inc.*, 715 F. Supp. 738, 763 (E.D. La. 1989); *Genie-Lyn Ltd. v. Del. Marine Operators, Inc.*, 2006 U.S. Dist. LEXIS 1587, *23, fn. 13 (W.D., La. 2006)).

Replacement cost "is the proper measure of damages [only] where the property cannot be repaired, *and* fair market is not ascertainable."[9] The Defendant concedes that the Attuso home at issue in this case was "beyond repair".[10] Defendant's *Motion* hinges on the allegation that Plaintiff failed to "provide any evidence that the fair market value of the home before the loss could not be ascertained."[11]

Republic agrees that "the measure of damages is generally the market value of the property just before the loss."[12] Republic counters that Bossom did not estimate replacement cost or actual value of the Atusso home. Rather, Bossom determined that the loss of value exceeded the policy limits thus triggering payment of the policy limit.[13] Republic's policy provides coverage at replacement cost.[14] Republic argues that Bossom will testify "regarding his methodology for determining that the dwelling loss exceeded the policy limit".[15] Republic submits that "Mr. Bossom will not testify regarding the replacement value of the home beyond the fact that the loss exceeded the policy limits".[16]

The parties agree that the measure of damages for property loss under Louisiana law is the fair market value at the time of loss. In a case such as this, where the property is "beyond repair", replacement cost is not a suitable measure of damages unless the fair market value immediately prior to the loss cannot be discerned.

---

[9] Rec. Doc. 67-1 p. 5 (citing *Cenac v. Duplantis Moving & Storage Co.*, 407 So.2d 434, 436 (La. Ct. App. 1981)).
[10] *Id.*
[11] *Id.*
[12] Rec. Doc. 79 p. 10 (citing *Pillsbury Co.*, 715 F. Supp. 738).
[13] *Id.* at p. 11.
[14] *Id.*
[15] *Id.*
[16] *Id.* at p. 12.

The Republic policy which insured the Attuso residence was a "replacement cost policy".[17] Hence, Bossom estimated the loss in accordance with the policy based on a "replacement cost valuation".[18] Using replacement cost valuation method, Bossom estimated the Attuso loss to be $600,000.00.[19]

From the questions posed by counsel for the Defendant, in the Bossom deposition, it appears that the fair market value of the Attuso home was significantly higher than the replacement cost valuation which Bossom used per the insurance contract.[20] Under either valuation method, the policy limit of the Republic policy was exceeded, triggering a policy limit payment.

Omega Flex is technically correct: testimony about the replacement cost is irrelevant if offered to as proof of the measure of damages. Hence, the *Motion in Limine*[21] is GRANTED and Bossom will not be permitted to testify as to the replacement cost loss valuation. Nonetheless, if the fair market value, which is apparently known to the parties, would have triggered an obligation by Republic to tender the policy limits, the Court expects the parties to stipulate that the loss amount to which Republic is subrogated is the stated dwelling policy limit amount.

---

[17] Rec. Doc. 67-3 p. 4.
[18] *Id.*
[19] *Id.* at p. 5.
[20] *See Id.*
[21] Rec. Doc. 67.

## III. CONCLUSION

For the above reasons, Omega Flex's *Motion in Limine*[22] is hereby GRANTED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on April 7, 2020.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[22] Rec. Doc. 67.